United States District Court
District of Massachusetts

| | |
|---|---|
| IN RE: FRESENIUS GRANUFLO/ )<br>NAUTRALYTE DIALYSATE PRODUCTS )<br>LIABILITY LITIGATION )<br>  )<br>This document relates to: )<br>  )<br>MSP Recovery Claims Series LLC )<br>et al. )<br>  )<br>      Plaintiffs, )<br>  )<br>      v. )<br>  )<br>Fresenius Medical Care Holdings, )<br>Inc. et al. )<br>  )<br>      Defendants. )<br>  ) | Civil Action No.<br>18-12231-NMG<br><br>MDL No. 13-2428 |

**MEMORANDUM & ORDER**

**GORTON, J.**

　　Plaintiffs MSP Recovery Claims, Series LLC; MSPA Claims 1, LLC and Series PMPI (collectively, "MSP Recovery" or "plaintiffs") bring this product liability action against defendants Fresenius Medical Care Holdings, Inc., d/b/a Fresenius Medical Care North America; Fresenius USA, Inc.; Fresenius USA Manufacturing, Inc.; Fresenius USA Marketing, Inc. and Fresenius USA Sales, Inc. (collectively, "Fresenius" or "defendants") alleging severe defects in their NaturaLyte and GranuFlo products.  MSP Recovery brings this action as assignee of various Medicare, Medicaid and similar third party payers.

- 1 -

Pending before the Court is defendants' motion to dismiss. For the following reasons, the motion to dismiss will be allowed.

## I. Background

This case is part of a Multi-District Litigation ("MDL") currently pending before this session of the United States District Court for the District of Massachusetts. All of the cases involve alleged injuries to individual patients resulting from the use of Fresenius's GranuFlo product in hemodialysis treatments.

As alleged in the complaint, Medicare payers, first-tier, downstream and related entities, as well as Medicaid payers such as Accountable Care Organizations and other payers (collectively, "assignors") assigned to MSP Recovery the right to recover the direct economic damages proximately caused by Fresenius's GranuFlo products. The assignors made payments on behalf of or otherwise became financially responsible for their enrollees' medical expenses incurred as a result of the use of GranuFlo by such enrollees. In its complaint, MSP Recovery contends that it "stands in the shoes of the enrollees."

In September, 2018, MSP Recovery filed a pure bill of discovery complaint against Fresenius in Miami-Dade County Circuit Court in Florida. One week later, plaintiffs filed an

amended complaint. In October, 2019, defendants removed the proceedings to the United States District Court for the Southern District of Florida.

Later that month, the United States Judicial Panel on Multi-District Litigation transferred the case to the United States District Court for the District of Massachusetts to be heard as part of In Re: Fresenius GranuFlo/NaturaLyte Dialysate Products Liability Litigation, MDL No. 2428 before United States District Judge Douglas P. Woodlock. In February, 2019, Judge Woodlock held a status conference in which he directed MSP Recovery to amend its allegations to provide greater specificity.

Plaintiffs filed their second amended complaint in March, 2019. That complaint includes counts for: 1) negligence, 2) unjust enrichment, 3) strict liability, 4) breach of implied warranty of merchantability, 5) negligent failure to warn, 6) negligent design defect, 7) negligent misrepresentation, 8) breach of express warranty, 9) violation of consumer protection laws, 10) breach of implied warranty of fitness for a particular purpose and 11) fraud. Fresenius has moved to dismiss all counts.

The MDL cases were transferred to this session in June, 2023. This Court held a status conference in July, 2023, during

which plaintiffs' counsel informed the Court that several legal developments had occurred since the filing of the original motion to dismiss and requested leave to brief the Court on them. Plaintiffs filed a supplemental brief in late July, 2023 and Fresenius promptly responded.

## II. Motion to Dismiss

### A. Legal Standard

To survive a motion to dismiss pursuant to Fed. R. Civ. P. 12(b)(6), the subject pleading must state a claim for relief that is actionable as a matter of law and "plausible on its face." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007)). A claim is facially plausible if, after accepting as true all non-conclusory factual allegations, the "court [can] draw the reasonable inference that the defendant is liable for the misconduct alleged." Ocasio-Hernandez v. Fortuno-Burset, 640 F.3d 1, 12 (1st Cir. 2011) (quoting Iqbal, 556 U.S. at 678).

When rendering that determination, a court may not look beyond the facts alleged in the complaint, documents incorporated by reference therein and facts susceptible to judicial notice. Haley v. City of Boston, 657 F.3d 39, 46 (1st Cir. 2011). A court also may not disregard properly pled factual allegations even if "actual proof of those facts is

improbable." Ocasio-Hernandez, 640 F.3d at 12 (quoting Twombly, 550 U.S. at 556). Rather, the necessary "inquiry focuses on the reasonableness of the inference of liability that the plaintiff is asking the court to draw." Id. at 13. The assessment is holistic:

> the complaint should be read as a whole, not parsed piece by piece to determine whether each allegation, in isolation, is plausible.

Hernandez-Cuevas v. Taylor, 723 F.3d 91, 103 (1st Cir. 2013) (quoting Ocasio-Hernandez, 640 F.3d at 14).

**B.   Application**

Fresenius moves to dismiss for several reasons, including 1) MSP Recovery's claims are time-barred, 2) the second amended complaint fails to allege facts sufficient to establish a legal basis for subrogation to the rights of the patients and 3) MSP Recovery has not alleged facts with respect to individual patients sufficient to establish all of the material elements of the claims asserted in the second amended complaint.

First, and foremost, the claims of MSP Recovery are indeed untimely. Plaintiffs assert claims for injuries occurring on or before March 21, 2013, five and a half years prior to the commencement of the case at bar in September, 2018. MSP Recovery does not dispute that the claims in the second amended complaint are outside the applicable time limits under relevant

state law but rather invokes an exception based on tolling under American Pipe & Constr. Co. v. Utah, 414 U.S. 538 (1974).

The second amended complaint alleges that MSP Recovery's claims fall within the class definition of Berzas et al v. Fresenius Medical Care Holdings, Inc., et al, Case No. 13-cv-10843-DPW, a putative class action filed in the United States District Court for the Eastern District of Louisiana in March, 2013 and transferred to this MDL the following month. MSP Recovery contends that it is, therefore, entitled to class action tolling pursuant to American Pipe based on the pendency of the Berzas action.

As an initial matter, tolling under American Pipe is permissible only if plaintiffs are members of the original putative class. In re Celexa & Lexapro Mktg. & Sales Pracs. Litig., 915 F.3d 1, 16 (1st Cir. 2019). Here, plaintiff MSP Recovery seeks

> [to] collect the payments that were made by the assignors, such as those arising from injuries resulting from defendants' defective GranuFlo product.

The second amended complaint further explains that the assignors

> suffered financial injury when they paid for, or otherwise provided medical care, to their enrollees for injuries sustained as a result of having been administered the defective GranuFlo products during hemodialysis.

In contrast, the Berzas putative class was defined as

- 6 -

> All consumers and third-party payors in the United
> States and its territories who, for purposes other
> than resale, purchased, reimbursed and/or paid for
> NaturaLyte and/or GranuFlo from May 1, 2003 to
> present.  For purposes of the Class definition,
> individuals and entities "purchased" NaturaLyte and/or
> GranuFlo if they paid some or the entire purchase
> price.

According to the second amended complaint, MSP Recovery seeks to recoup payments made by its assignors in connection with injuries sustained by patients who were administered GranuFlo, not payments for NaturaLyte or GranuFlo itself.  That is further demonstrated by plaintiffs' Exhibit 1, which lists several primary care and urgent care providers as its assignors, not dialysis providers.  Because MSP Recovery has not sufficiently established class membership, its claims are not subject to the tolling exception under American Pipe. See In re Celexa & Lexapro, 915 F.3d at 16.

Moreover, American Pipe tolling is an equitable doctrine and

> [o]rdinarily, to benefit from equitable tolling,
> plaintiffs must demonstrate that they have been
> diligent in pursuit of their claims.

Desmesmin v. City of Bos., No. CV 19-12170-WGY, 2020 WL 2079389, at *4 (D. Mass. Apr. 30, 2020) (quoting China Agritech, Inc. v. Resh, 138 S. Ct. 1800, 1808 (2018)).  Such tolling thus applies only when "latecomers have not slept on their rights." Id. (internal quotations omitted).

Five of the named Berzas plaintiffs abandoned their class allegations when they filed short form complaints and the remaining four named plaintiffs dismissed their claims entirely in June, 2014. MSP Recovery then waited more than four years and made no effort to obtain class certification before filing its case and, despite alleged developments in the relevant case law, allowed an additional four years to elapse without action while defendants' motion to dismiss was pending. MSP Recovery was not therefore diligent in pursuit of its claims. See China Agritech, Inc., 138 S. Ct. at 1808; Desmesmin, 2020 WL 2079389, at *4.

MSP Recovery has also requested leave to amend its complaint. That request will be denied because Judge Woodlock specifically informed the parties at his February, 2019 status conference that the second amended complaint should be MSP Recovery's "last and best offer." Furthermore, courts in other circuits have denied MSP Recovery's repeated requests to amend its complaints when confronted with motions to dismiss, aptly describing such tactics as the result of MSP Recovery's "scattershot litigation strategy." See MAO-MSO Recovery II, LLC v. Mercury Gen., No. 21-56395, 2023 WL 1793469, at *3 (9th Cir. Feb. 7, 2023).

**ORDER**

For the foregoing reasons, defendant Fresenius's motion to dismiss (Docket No. 46) is **ALLOWED**.

**So ordered.**

/s/ Nathaniel M. Gorton
Nathaniel M. Gorton
United States District Judge

Dated: September 7, 2023